**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

| | |
|---|---|
| DAVID BONIFACE,<br><br>NISSAGE MARTYR (DECEASED), and<br><br>JUDERS YSEMÉ;<br><br> *Plaintiffs*,<br><br>v.<br><br>JEAN MOROSE VILIENA<br>(a.k.a JEAN MOROSE VILLIENA)**,**<br><br> *Defendant*. | Civil Action No.   1:17-cv-10477-RWZ<br><br>**JOINT STATEMENT OF THE PARTIES PURSUANT TO LOCAL RULE 16.1** |

Pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 16.1, Plaintiffs David Boniface, Nissage Martyr (deceased) and Juders Ysemé ("Plaintiffs") and Defendant Jean Morose Viliena, aka Jean Morose Villiena ("Defendant") (collectively "the Parties") hereby submit this report and Joint Statement containing a proposed pretrial schedule.  Counsel for Plaintiffs, Bonnie Lau, conferred with Defendant Mr. Viliena under Rule 26(f) on May 12, 2017.

**I.	Agenda for Scheduling Conference on May 18, 2017**

 **A.	Overview of Claims and Defenses by Parties**

 **B.	Proposed Discovery Plan**

 **C.	Proposed Pretrial Schedule**

 **D.	Alternative Dispute Resolution under Local Rule 16.4**

## II. Overview of Claims and Defenses by Parties

### A. Plaintiff

This case arises from the brutal torture, killing, and persecution of media activists and human rights advocates in the Haitian town of Les Irois (pop. 22,306) between 2007 and 2009. As the Mayor of Les Irois, the defendant, Jean Morose Viliena (hereinafter "Viliena"), personally led an armed group aligned with his political party in a series of attacks on his critics and perceived political opponents in Les Irois.

Specifically, in retribution against Plaintiff David Boniface for accusing Viliena of misconduct in office, Viliena and his associates killed Plaintiff Boniface's younger brother, Eclesiaste Boniface. Viliena and his associates also tortured and attempted to extrajudicially kill Plaintiffs Nissage Martyr and Juders Ysemé during a raid on a community radio station. Finally, Viliena and his associates destroyed 36 homes in a rampage of arson targeting Plaintiffs and other opposition party members.

Based on the above allegations, Plaintiffs have asserted claims for Extrajudicial Killing, Attempted Extrajudicial Killing, and Torture under the Torture Victim Protection Act, Pub. L. No. 102-256, 106 Stat. 73 (1992) (codified at 28 U.S.C. § 1350, note), for the Crime Against Humanity of Persecution under the Alien Tort Statute, 28 U.S.C. § 1350, and for arson under Haitian law. Plaintiffs seek compensatory and punitive damages and injunctive relief for these torts in violation of international and domestic law.

### B. Defendant

Defendant did nothing wrong.

Defendant can't defend himself.

### III. Proposed Discovery Plan

#### A. Plaintiffs

Plaintiffs intend to seek discovery regarding the following subjects:

a. The death of Eclesiaste Boniface; the torture and attempted killing of Nissage Martyr and Juders Ysemé; the arson of numerous homes in October 2009 in Les Irois, Haiti; and other allegations of the Complaint;

b. Defendant's work history, including position(s) as a Haitian government official in Les Irois; Defendant's superiors, subordinates, and relationship with various Haitian individuals identified in the allegations of the Complaint;

c. Defendant's immigration status in the United States, assets and liabilities, and method and content of communications while in the United States with Haitians, including Haitian government officials, superiors and subordinates;

d. Defendant's prior involvement as a defendant and/or party to other criminal and civil investigation and proceedings in Haiti and/or the United States arising out of the allegations of the Complaint.

Plaintiffs will serve on Defendant requests for production of documents, interrogatories and requests for admission. Plaintiffs agree to the discovery limits set forth in Fed. R. Civ. P. 26(b) and Local Rule 26.2(a). Plaintiffs do not anticipate that there will be large amounts of documentary evidence or electronically stored information ("ESI") produced by any of the parties in this case. Plaintiffs also intend to promptly conduct videotaped depositions of Defendant and certain third party witnesses in the United States and in Haiti.

Plaintiffs do not believe that bifurcation or phased discovery for early case assessment or on the issue of damages is advantageous or appropriate in this case.

Plaintiffs propose the following schedule of discovery deadlines in this case:

| | |
|---|---|
| Deadline to serve Rule 26(a) initial disclosures | May 25, 2017 |
| Deadline to serve written discovery | June 30, 2017 |
| Deadline to complete fact witness depositions | November 30, 2017 |
| Deadline to complete fact discovery | November 30, 2017 |

| | |
|---|---|
| Deadline to disclose expert witnesses and serve expert reports | November 30, 2017 |
| Deadline to complete expert witness depositions | January 19, 2018 |
| Deadline to complete expert discovery | January 19, 2018 |

**B.  Defendant**

Defendant does not know what this should be.

**IV.  Proposed Pretrial Schedule**

**A.  Plaintiffs**

Plaintiffs propose the following schedule of pretrial deadlines.  Plaintiffs do not consent to trial by magistrate judge.  Plaintiffs request that the Court also schedule case management conferences to the extent the Court deems necessary, perhaps on a quarterly basis.  Plaintiffs request leave of Court for their lead counsel to attend such conferences telephonically, with local counsel to attend in person, as counsel are handling this matter on pro bono basis and lead counsel are located in San Francisco, California and Washington D.C., respectively.

| | |
|---|---|
| Deadline to amend pleadings and substitute parties | October 31, 2017 |
| Deadline to complete fact discovery | November 30, 2017 |
| Deadline to file any dispositive motions | November 30, 2017 |
| Deadline to complete expert discovery | January 19, 2018 |
| Deadline to file pretrial memorandum per Local Rule 16.5(d) | February 19, 2018 |
| Final pretrial conference | February 26, 2018 |
| Trial | March 26, 2018 |

**B.     Defendant**

Defendant does not know what this should be.

**V.     Alternative Dispute Resolution under Local Rules 16.4**

**A.     Plaintiffs**

Plaintiffs submitted a written offer of settlement to Defendant on May 4, 2017.

Plaintiffs do not believe that alternative dispute resolution would be helpful to resolve this matter, but will attend any mediation or settlement conference ordered by the Court.

**B.     Defendant**

Defendant cannot pay the amount of the settlement demand and does not believe that Plaintiffs have any interest in settling.

**VI.    Certification of Counsel and Clients Pursuant to L.R. 16.1(d)(3)**

**A.     Plaintiffs**

Undersigned counsel for Plaintiffs hereby certify that they have conferred with their clients with a view towards establishing a budget for the costs of conducting litigation and have considered use of alternative dispute resolution such as those outlined in Local Rule 16.4. Plaintiffs will file their respective client certifications under separate cover.

**B.     Defendant**

Not applicable.

Dated: May 12, 2017

      /s/ Bonnie Lau

*Attorneys for Plaintiffs David Boniface, Nissage Martyr, and Juders Ysemé*

CENTER FOR JUSTICE & ACCOUNTABILITY
Scott A. Gilmore (admitted *pro hac vice*)
sgilmore@cja.org
Daniel McLaughlin (admitted *pro hac vice*)
dmclaughlin@cja.org
L. Kathleen Roberts (admitted *pro hac vice*)
kroberts@cja.org
One Hallidie Plaza, Suite 406
San Francisco, CA 94102
(415) 544-0444 (telephone)

DENTONS US LLP
Bonnie Lau (admitted *pro hac vice*)
bonnie.lau@dentons.com
One Market Plaza, Spear Tower, 24th Floor
San Francisco, California 94105
(415) 882-5000 (telephone)

DENTONS US LLP
Philip A. O'Connell, Jr. (BBO# 649343)
philip.oconnelljr@dentons.com
Tony K. Lu (BBO# 678791)
tony.lu@dentons.com
101 Federal Street Suite 2750
Boston, Massachusetts 02110-1873
(617) 235-6802 (telephone)

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was filed electronically, that it will be served electronically upon all parties of record who are registered CM/ECF participants via the NEF, and that paper copies will be sent to any parties indicated on the NEF as non registered participants on May 12, 2017.

                                                                                _____/s/ Bonnie Lau_____
                                                                                         Bonnie Lau

103533115\V-1