UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| DAVID BONIFACE,<br><br>NISSAGE MARTYR (DECEASED), and<br><br>JUDERS YSEME,<br><br>        Plaintiffs,<br><br>v.<br><br>JEAN MOROSE VILIENA<br>(a.k.a. JEAN MOROSE VILLIENA),<br><br>        Defendant. | Case No. 1:17-cv-10477-ADB |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SUBSTITUTE NISSANDÈRE MARTYR, AS PLAINTIFF IN PLACE OF <u>NISSAGE MARTYR (DECEASED)</u>**

Pursuant to Federal Rule of Civil Procedure 25, Plaintiffs David Boniface, Nissage Martyr (deceased), and Juders Ysemé hereby submit this Memorandum of Law in support of their motion to substitute Nissage Martyr's son, Nissandère Martyr, as plaintiff in place of the decedent.

**I.    INTRODUCTION**

On March 22, 2017, plaintiffs David Boniface, Nissage Martyr, and Juders Ysemé (collectively, "Plaintiffs") filed the instant lawsuit against defendant Jean Morose Viliena ("Defendant"). Plaintiff Nissage Martyr died suddenly under unusual circumstances on or around March 24, 2017 — one day after Defendant was served with the Summons and Complaint in this matter.

By this motion, pursuant to Federal Rule of Civil Procedure 25(a), Plaintiffs seek to substitute Nissandère Martyr (decedent's son), as Plaintiff in place of the decedent on the

grounds that: (1) Nissage Martyr's claims survived his death, (2) Nissandère Martyr is a proper party to substitute for his deceased father; and (3) this motion is timely.

## II. RELEVANT BACKGROUND

On March 22, 2017, Plaintiffs filed the instant action against Defendant. In their Complaint, Plaintiffs assert claims against Defendant pursuant to the Torture Victim Protection Act, Pub. L. No. 102-256, 106 Stat. 73 (1992) (codified at 28 U.S.C. § 1350, note) ("TVPA"), the Alien Tort Statute, 28 U.S.C. § 1350 ("ATS"), and under the laws of the Republic of Haiti pursuant to 28 U.S.C. § 1367. Doc. 1.

On March 24, 2017, one day after Defendant was served with the Summons and Complaint in this matter, Plaintiff Nissage Martyr died suddenly under unusual circumstances.

On May 16, 2017, Plaintiffs filed a Notice of Death of Plaintiff Nissage Martyr with the Court. Doc. 18. During the May 18, 2017 Scheduling Conference, the Court directed Plaintiffs to file a supplemental brief addressing their standing to sue on behalf of their deceased relatives. *See* Doc. 19. On June 16, 2017, Plaintiffs filed their supplemental brief, in which they stated they would move to substitute Nissandère Martyr (decedent's son), as Plaintiff in place of the decedent. Doc. 20.

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 25(a)(1), "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Additionally, under Rule 25(a)(3), "[a] motion to substitute . . . must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district."

Accordingly, a court should grant a motion for substitution if (a) the deceased party's claim was not extinguished; (b) the new individual to be substituted is a proper party; and (c) the motion is timely. If the requirements of Rule 25(a) are met, "[t]he substituted party steps into the same position as [the] original party." *Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996).

## IV. ARGUMENT

### A. Nissage Martyr's Claims Survived His Death

The threshold consideration pursuant to Rule 25(a)(1) is whether Nissage Martyr's claims were extinguished upon his death. As Plaintiffs explained in their Supplemental Brief Regarding Plaintiffs' Standing And Substitution Of Plaintiff For The Late Nissage Martyr, his claims survived his death. Doc. 20.

In the Complaint, Nissage Martyr brought claims for torture and attempted extrajudicial killing under the TVPA, crimes against humanity under the ATS, and arson under Haitian law pursuant to 28 U.S.C. § 1367. Doc. 1, ¶¶ 87-124. Each of the three claims survived his death.

Indeed, courts have repeatedly allowed claims under the TVPA and the ATS to be successfully brought following the death of the victim. *See, e.g., Joan Jara et al. v. Barrientos*, No. 6:13-cv-01426-RBD-GJK, Judgment in a Civil Case (M.D. Fla. June 29, 2016) (awarding estate of decedent Víctor Jara $16 million in compensatory and punitive damages for claims of torture and extrajudicial killing under TVPA) (Doc. 20, Exhibit B); *Estate of Bashe Abdi Yousuf et al. v. Samantar*, No. 1:04cv1360, 2012 WL 3730617 (E.D. Va. Aug. 28, 2012) (awarding estates of four decedents $12 million in compensatory and punitive damages for claims of torture, extrajudicial killing, war crimes and other human rights abuses under ATS and TVPA) (Doc. 20, Exhibit C); *Winston Cabello et al. v. Fernandez-Larios*, No. 99-0528-CIV-LENARD, Judgment (S.D. Fla. Oct. 31, 2003) (awarding estate of decedent Winston Cabello $3 million in compensatory and punitive damages for claims of extrajudicial killing and crimes against

humanity under ATS and TVPA) (Doc. 20, Exhibit D); *see also Mohammadi v. Islamic Republic of Iran,* 947 F. Supp. 2d 48, 55 (D.D.C. 2013), *aff'd on other grounds,* 782 F.3d 9 (D.C. Cir. 2015) (court *sua sponte* substituting representative of estate of deceased victim for the victim as proper party in an action for claims under TVPA, ATS and FSIA).

Further, where, as here, federal law governs the survival of federal claims, "federal courts typically conclude that 'causes of action based on "penal" statutes abate, while those based on "remedial" statutes survive.'" *In re C.R. Stone Concrete Contractors, Inc.,* 462 B.R. 6, 26 (Bankr. D. Mass. 2011) (quoting *In re Eads,* 135 B.R. 380, 385 (Bankr. E.D. Cal. 1991)). Both of Plaintiffs' TVPA and ATS claims are remedial in nature. This is because, under both statutes, recovery for money damages remedies specific wrongs committed against an individual victim, not general wrongs caused to the public, and runs to the harmed individual (or his estate). *C.R. Stone,* 462 B.R. at 26 (quoting *United States v. NEC Corp.,* 11 F.3d 136, 137 (11th Cir. 1993) ("Generally speaking, '[a] remedial action is one that compensates an individual for a specific harm suffered, while a penal action imposes damages upon the defendant for a general wrong to the public.'")).

Further, Plaintiff Nissage Martyr's arson claim under Haitian law similarly survives his death under Haitian law (*see* Doc. 20, Declaration of Haitian Attorney Mario Joseph ("Joseph Decl.") at ¶¶ 16, 19).[1] Indeed, Article 604 of the Haitian Civil Code expressly provides that "[c]hildren acting in a representative capacity may only exercise the rights and actions that their parent could himself have exercised had he survived the opening of probate."

In sum, because Nissage Martyr's claims survived his death, Plaintiffs have satisfied the first requirement under Rule 25.

---

[1] A civil claim arising out of the tort of arson would also survive under Massachusetts law as per Gen. Laws Ann. ch. 228, § 1(2)(d), which authorizes survival of tort actions for damage to real or personal property.

### B.  Nissandère Martyr Is A Proper Party

Next, Nissandère Martyr is a proper party to substitute for his deceased father under Federal Rule of Civil Procedure 25(a)(1) because he is Nissage Martyr's successor-in-interest under Haitian law (*see* Doc. 20, Joseph Decl. at ¶ 21).

The proper parties for substitution under Rule 25(a)(1) are the "successors or representatives of the deceased party." *Americus Mortg. Corp. v. Mark*, No. CIV.A. 12-10158-GAO, 2013 WL 3106018, at *13 (D. Mass. June 17, 2013) (*citing Rende v. Kay*, 415 F.2d 983, 985 (D.C. Cir. 1969)) (emphasis added) (attached as Exhibit 1). Accordingly, "a proper substituted party need not necessarily be the appointed executor or administrator of the deceased party's estate. Rather, the purpose of Rule 25 is to allow more flexibility in substitution." *Heath v. Martin*, No. 4:CV-04-2275, 2012 WL 610965, at *3 (M.D. Pa. Feb. 24, 2012) (citing *Rende v. Kay*, 415 F.2d 983, 984 (D.C. Cir. 1969)) (Doc. 20, Exhibit E). "[Under] certain circumstances a person may be a 'successor' under Rule 25(a)(1) if she is (1) the primary beneficiary of an already distributed estate; (2) named in a will as the executor of the decedent's estate, even if the will is not probated; or (3) the primary beneficiary of an unprobated intestate estate which need not be probated." *Americus Mortg.*, 2013 WL 3106018, at *13 (citing *In re Baycol Products Litigation*, 616 F.3d 778, 784-85 (8th Cir. 2010)).

Here, because Nissandère Martyr is Nissage Martyr's successor-in-interest under Haitian law, he is a proper party to substitute for the decedent.[2]

### C.  This Motion To Substitute Is Timely

As for the third requirement, Rule 25 states, "[i]f the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be

---

[2]  Out of an abundance of caution, Nissandère Martyr also initiated probate proceedings in Massachusetts Family and Probate Court on August 10, 2017, to be appointed as legal representative of his father, Nissage Martyr.

dismissed." Fed. R. Civ. P. 25(a)(1). The 90-day time period, however, does not begin to run until (1) the decedent's representative or successor is served with the statement noting the death thereby identifying and notifying the substitutable party, and (2) service is completed pursuant to Rules 4 and 5. Fed. R. Civ. P. 25(a)(1) - (a)(3); *see also C.R. Stone*, 462 B.R. at 18 (same); *In re Baycol Prod. Litig.*, 616 F.3d 778, 785 (8th Cir. 2010); *Atkins v. City of Chicago*, 547 F.3d 869, 873 (7th Cir. 2008) (same); *Barlow v. Ground*, 39 F.3d 231, 234 (9th Cir. 1994) (same). Moreover, service of a statement noting the death is typically made by *opposing* counsel (not decedent's counsel) in order to trigger the 90-day time period for substitution. *See* Fed. R. Civ. P. 25 Advisory Committee Notes (1963).

Here, the 90-day time period has not yet been triggered and Plaintiffs have moved expeditiously to substitute Nissandère Martyr as a Plaintiff for his deceased father. On May 16, 2017, Plaintiffs informed the Court that Nissage Martyr had died and that "Counsel for Plaintiffs are in the process of conferring with Mr. Martyr's next-of-kin and their local counsel in Haiti to determine Mr. Martyr's successors-in-interest under Haitian law and their potential participation in this lawsuit." Doc. 20, p. 2. At the time, counsel for Plaintiffs had yet to identify Nissandère Martyr as a proper party for substitution and did not serve the notice of death on Nissandère, nor are they aware of Defendant having done so. Thus, the notice of death filed by Plaintiffs on May 16, 2017, without more, does not constitute "service of a statement noting death" pursuant to Rule 25. *Americus Mortg.*, 2013 WL 3106018, at *4-5 ("A suggestion of death in open court, without more, does not constitute 'service of a statement noting death' pursuant to Rule 25. Instead, service, as contemplated by Rule 25, requires service of process pursuant to Rules 4 and 5.")

Thus, because Nissandère Martyr has not been properly served a statement noting death, Plaintiffs have timely filed this motion and satisfied the third requirement under Rule 25.

## V. CONCLUSION

Plaintiffs respectfully request that the Court grant this motion to substitute because (1) Nissage Martyr's claims survived his death; (2) Nissandère Martyr is a proper party; and (3) this motion is timely.

Dated:  September 20, 2017                              Respectfully submitted,

                                                        By:        /s/ Bonnie Lau
                                                        *Attorneys for Plaintiffs David Boniface, Nissage Martyr (deceased), and Juders Yseme*

                                                        CENTER FOR JUSTICE & ACCOUNTABILITY
                                                        Scott A. Gilmore (pro hac vice)
                                                        sgilmore@cja.org
                                                        Daniel McLaughlin (pro hac vice)
                                                        dmclaughlin@cja.org
                                                        L. Kathleen Roberts (pro hac vice)
                                                        kroberts@cja.org
                                                        One Hallidie Plaza, Suite 406
                                                        San Francisco, CA 94102
                                                        (415) 544-0444 (telephone)

                                                        DENTONSUS LLP
                                                        Bonnie Lau (pro hac vice)
                                                        bonnie.lau@dentons.com
                                                        One Market Plaza, Spear Tower, 24th Floor
                                                        San Francisco, California 94105
                                                        (415) 882-5000 (telephone)

                                                        DENTONSUS LLP
                                                        Philip A. O'Connell, Jr. (BBO# 649343)
                                                        philip.oconnelljr@dentons.com
                                                        Tony K. Lu (BBO# 678791)
                                                        tony.lu@dentons.com
                                                        101 Federal Street Suite 2750
                                                        Boston, Massachusetts 02110-1873
                                                        (617) 235-6802 (telephone)

## **CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent via U.S. Mail to defendant at the following address on September 20, 2017:

> Jean Morose Viliena
> 218 Summer Street
> Apartment #2
> Malden, MA 02148-2508

                                 */s/ Bonnie Lau*

104666153\V-1