UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID BONIFACE, NISSAGE MARTYR and JUDERS YSEMÉ <br><br> Plaintiffs, <br><br> v. <br><br> JEAN MOROSE VILIENA <br><br> Defendant. | Civil Action <br> No. 17-10477-ADB |

**OPPOSITION OF DEFENDANT JEAN MOROSE VILIENA
TO PLAINTIFFS' MOTION TO COMPEL
<u>FURTHER RESPONSES TO INTERROGATORIES</u>**

Jean Morose Viliena ("Defendant") objects to the Plaintiffs' Motion to Compel Responsive Answers from Defendant to Plaintiffs' Interrogatories [Docket No. 95].

1. This matter commenced with broad publicity orchestrated by the Plaintiffs' lawyers to announce the filing of the Complaint.

2. Those actions caused the Defendant to immediately lose his job as a bus driver.

3. The Plaintiffs now seek to compel responses to two interrogatories.

4. The first—Interrogatory No. 12—asks the Defendant to provide account information for any method of communication between himself <u>and any person in the United States or Haiti</u>. The Defendant has provided his cell phone number and carrier. The second—Interrogatory No. 14—seeks information about the Defendant's assets under the guise of discovery oriented towards the recovery of punitive damages.

5. These discovery requests fall outside the bounds of permissible discovery and the motion to compel should be denied.

**Interrogatory No. 12**

6. The interrogatories directed to the Defendant include Interrogatory No. 11, that asks:

> Identify all Communications You have had while located in the United States with any Person in Haiti from January 1, 2006 to the present *that Relates to any of the Plaintiffs and to Nissage Martyr or to any of the facts alleged in the Complaint*, including but not limited to all Communications with all Members of the Haitian government, MODEREH or KOREGA, or any group or Persons working in conjunction with, or with the acquiescence of the Haitian government, MODEREH or KOREGA, or any of their predecessors or successor organizations or groups, whether or not formally constituted.

(Emphasis added.) By contrast, Interrogatory No. 12, the interrogatory that the Plaintiffs now seek to compel further responses to, is not directed to the class of persons related to the facts of this matter or facts "alleged in the Complaint," rather it broadly asks for information regarding communications with all "persons located in the United States or Haiti."

7. The information sought by the Plaintiffs in Interrogatory No. 12—the user and account information for various social media accounts—is without purpose, unless it is intended to provided Plaintiffs with access to all of those accounts.

8. Such access "threatens to sweep in documents, and information that are not [remotely] relevant to the issues in the case, such as [Plaintiff's] private text messages, e-mails, contact lists, and photographs." Hardy v. UPS Ground Freight, Inc., 2019 WL 3290346 at * 3 (D. Mass. July 22, 2019) (quoting Henson v. Turn, Inc., 2018 WL 5281629, at *5 (N.D. Cal. Oct. 22, 2018)).

9. The information sought by the Plaintiffs is a substantive and unmerited invasion of the Defendant's privacy that is unrelated to the claims in this litigation:

> Given the sensitive nature of the contents of personal computers or cell phones …courts have been wary to grant a motion to compel forensic imaging in response to a request for information that has not been shown to be at the heart of a claim or defense in the ongoing litigation. See, e.g., John B. v. Goetz, 531 F.3d 448, 459-60 (6th Cir. 2008), abrogated on other grounds by Campbell-Ewald Co. v.

<u>Gomez</u>, 136 S.Ct. 663 (2016) (given the privacy and confidentiality concerns, "'[c]ourts have been cautious in requiring the mirror imaging of computers where the request is extremely broad in nature and the connection between the computers and the claims in the lawsuit are unduly vague or unsubstantiated in nature.'") (alteration in original) (quoting <u>Balboa Threadworks, Inc. v. Stucky</u>, No. 05-1157-JTM-DWB, 2006 WL 763668, at *3 (D. Kan. Mar. 24, 2006)); <u>see also</u> <u>Henson</u>, 2018 WL 5281629, at *5 (denying motion to compel plaintiffs to produce their cell phone for forensic imaging where, even if some information on the cell phones might be relevant, the overbroad request would sweep in "documents and information that are not relevant to the issues in [the] case").

<u>Id.</u>

10.   The information sought by the Plaintiffs is not, like the more narrowly tailored Interrogatory No. 11, related to the matters at issue in this case. Instead, it is simply a request for the digital keys to every communication with any person "in the United States or Haiti." It goes far beyond the permissible bounds of discovery in this case.

### **Interrogatory No. 14**

11.   Interrogatory No. 14 seeks asset discovery from the Defendant, well before any judgment has entered.

12.   "Ordinarily, Rule 26 will not permit the discovery of facts concerning a defendant's financial status, or ability to satisfy a judgment, since such matters are not relevant, and cannot lead to the discovery of admissible evidence." <u>Ranney–Brown Distribs., Inc. v. E.T. Barwick Indus., Inc.</u>, 75 F.R.D. 3, 5 (S.D. Ohio 1977). Defendants cite a series of cases, largely against corporate or institutional defendants, in which asset discovery has been permitted in cases alleging punitive damages. There is no binding First Circuit precedent on this issue and the cases ruling against such discovery are equally present. See, e.g., <u>John Does I–VI v. Yogi</u>, 110 F.R.D. 629, 633 (D. D.C.1986) (discovery of financial status should not be turned over until necessary to prove punitive damages); <u>Davis v. Ross</u>, 107 F.R.D. 326, 327–328 (S.D.N.Y. 1985) (barring discovery of net worth until the trier of fact finds that the plaintiff is entitled to punitive damages); <u>Chenoweth</u>

3

v. Schaaf, 98 F.R.D. 587, 589–590 (W.D. Pa. 1983) (discovery barred absent allegations in complaint of facts demonstrating a "real possibility" that punitive damages will be at issue); Rupe v. Fourman, 532 F.Supp. 344, 350–351 (S.D. Ohio 1981) (in a bifurcated trial, discovery of personal financial status for punitive damages claim not permitted unless and until defendant's liability established).

13. In this case, the parties can reasonably anticipate a summary judgment motion on liability and, given the presence of an individual defendant, can equally anticipate that—if necessary—asset discovery itself would be neither time consuming, nor complicated.

14. Caselaw and common-sense support restraining this premature and unnecessary invasion of privacy into the financial affairs of the Defendant.

Wherefore, the Defendant Jean Morose Viliena prays that the Court deny the Motion and grant such other and further relief as is just.

                Jean Morose Viliena,

                By his attorneys,

                 /s/ Patrick T. Uiterwyk
                Peter J. Haley (BBO# 543858)
                *peter.haley@nelsonmullins.com*
                Patrick T. Uiterwyk (BBO# 665836)
                *patrick.uiterwyk@nelsonmullins.com*
                Nelson Mullins Riley & Scarborough LLP
                One Post Office Square, 30th Floor
                Boston, MA 02109
                p. (617) 217-4714
                f. (617) 217-4710

Date: March 12, 2020

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Date  March 12, 2020　　　　　　　　　　　　_/s/ Patrick T. Uiterwyk_