UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DAVID BONIFACE, NISSAGE MARTYR and JUDERS YSEMÉ<br><br>Plaintiffs,<br><br>v.<br><br>JEAN MOROSE VILIENA<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action<br>No. 17-10477-ADB |

DEFENDANT JEAN MOROSE VILIENA'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

The Defendant Jean Morose Viliena ("Defendant") submits this memorandum of law in support of his opposition to the Motion of the Plaintiffs for Partial Summary Judgment.

Introduction

The Plaintiffs have filed a motion for partial summary judgment seeking to preclude the Defendant's assertion of the failure to exhaust local remedies as required by the Torture Victim Protection Act ("TVPA"), Pub. L. No. 102-256, 106 Stat. 73 (1992) (codified at 28 U.S.C. § 1350, note) as an affirmative defense. The Plaintiffs' motion inverts the appropriate allocation of the burden of proof on this issue, asks the Court to substitute its own evaluation and judgment of expert testimony for that of the jury and ultimately seeks the Court's endorsement of the notion that the TVPA can be employed based upon the uncollectability of a foreign judgment.

III. Facts

The Plaintiffs and the Defendants are each residents of Haiti and the acts that are the subject of the Complaint all took place in Haiti. [Defendant's Statement of Undisputed Material

Facts[1] (hereinafter "Stmt."), ¶ 1.]   The rights of the Plaintiffs to file a civil complaint against Defendant Viliena for their injuries have been recognized in Haitian Legal Proceedings.  [Stmt. ¶ 4] On July 21, 2015,  David Boniface was awarded 1,100,000 Haitian gourdes ($17,496 USD) as reparation for the injury he suffered following the death of his brother, Mr. Eclesiaste Boniface.  [Stmt. ¶ 4].   Nissage Martyr was awarded 1,000,000 gourdes ($15,905 USD) and Juders Yseme was awarded 900,000 gourdes ($14,315 USD) for injuries they suffered during the attack on the radio station in April 2008. [Stmt. ¶ 4].  These awards, although not entered against Mr. Viliena, were entered against other Haitian citizens whom the Plaintiffs alleged were responsible for their injuries.  [Stmt. ¶ 4].

The Defendant has fully and freely participated in all judicial proceedings brought against him in Haiti.  The Defendant was exonerated in the case of the alleged arson in Haiti and found not responsible on October 11, 2012.  Defendant Jean Morose Viliena's  Response to Statement of Material Facts in Opposition to Plaintiffs' Motion for Partial Summary Judgment, ¶ 1.  On April 30, 2018, the Haitian court entered judgment dismissing the claims against the Defendant for the allegation in the Complaint relating to the radio station attack and the death of Eclesiaste Boniface.   Defendant Jean Morose Viliena's  Response to Statement of Material Facts in Opposition to Plaintiffs' Motion for Partial Summary Judgment, ¶ 2 .

---

[1] The Defendant has incorporated in his response to the Plaintiffs' Statement of Undisputed Material Facts, his own Statement [Docket No. 143] as submitted in support of Defendants Motion for Summary Judgment. Defendant Jean Morose Viliena's  Response to Statement of Material Facts in Opposition to Plaintiffs' Motion for Partial Summary Judgment, ¶ 3.

IV. <u>Argument</u>

A. <u>Summary Judgment Standard</u>

"At the summary judgment stage, the judge's function is not himself [sic] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511  91 L.Ed.2d 202 (1986).  The motion should be construed in the light most favorable to the non-moving party. <u>Mulloy v. Acushnet Co.</u>, 460 F.3d 141, 145 (1st Cir. 2006)

B. <u>Burden of Proof on the Exhaustion Issue Should be Assigned to the Plaintiffs.</u>

The Plaintiffs have submitted an affidavit to the Court,  [Docket No. 20, <u>Supplemental Brief Regarding Standing</u>, Exhibit A,  <u>Declaration of Mario Joseph, Attorney</u>, (hereinafter "<u>Joseph</u>") in which in paragraphs 4 through 10 under the heading "The rights of my clients Mr. David Boniface, Mr. Nissage Martyr and Mr. Juders Yseme, to file a civil complaint against Defendant Viliena for their injuries **have been recognized in Haitian Legal Proceedings**," <u>Joseph</u>, p. 2 (emphasis added).

The Plaintiffs have judgments for their injuries as adjudicated by the Haitian courts.  The Plaintiffs' complaints about the Haitian  proceedings are twofold.  First, the Plaintiffs complain that they have not collected on their judgments and second, they believe that the Haitian courts should have also found the Defendant liable as well as the other parties to those proceedings.  In sum, they ask this Court to help enforce the Haitian judgment and to act in an appellate capacity to undo the determinations that the Defendant was not responsible.

The specific purpose of the exhaustion provision was to ensure that the costs of entertaining a TVPA claim are imposed only when victims "are unable to obtain redress in the country where [the] torture took place." 134 Cong. Rec. 28,613-28,614 (1988) (Rep. Fascell).

See Corrie v. Caterpillar, Inc., 403 F.Supp.2d 1019, 1025–26 (W.D.Wash.2005) (holding that TVPA plaintiffs had to exhaust available remedies in Israel: "A foreign remedy is adequate even if not identical to remedies available in the United States. Courts usually find a foreign remedy adequate unless it is 'no remedy at all.' ") (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 254 n. 22, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)).   Congress was clear in establishing the TVPA that "the bill recognizes as a defense the existence of adequate remedies in the country where the violation allegedly occurred," as this "ensures that U.S. courts will not intrude into cases more appropriately handled by courts where the alleged torture or killing occurred." H.R. Rep. No. 102-367, at 4--5 (1991).   Claims must be brought under the TVPA "as a last resort," after attempts to obtain local remedies have failed. S. Rep. No. 103-249, at 9 (1991); 134 Cong. Rec. 28611, 28614 (1988) (statement of Rep. Broomfield) (stating that, "as a last recourse to justice, [the TVPA] would then allow a person to turn to the Federal courts for help"); see generally Mohamad v. Palestinian Authority, 132 S. Ct. 1702, 1710 (2012) (noting that "[C]ongress appeared well aware of the limited nature of the cause of action it established in the [TVPA]").

      This is not a case in which, as Plaintiffs argue, the Defendant should bear the burden of establishing the existence of local remedies.  There are local remedies.  The Plaintiffs have by their pleadings and their actions admitted the existence of those remedies.  If remedies exist locally, then the burden of  proof  appropriately shifts to the plaintiff to show that local remedies "were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile."  Sinaltrainal v. Coca-Cola Co., 256 F. Supp. 2d 1345, 1359 (S.D. Fla. 2003) quoting S.Rep. No. 249 (1991 WL 258662, *9–10)).

      C. The Concannon Report is Not Appropriately Relied Upon By the Court at Summary Judgment.

The Court observed in denying Defendant's Motion to Dismiss that "[T]he Complaint also asserts that Defendant exerted his political influence in Haiti to avoid accountability for his actions before fleeing to Massachusetts to escape prosecution." Boniface v. Viliena, 338 F. Supp. 3d 50, 66 (D. Mass. 2018). There are no such facts established in the Plaintiffs' Motion for Partial Summary Judgment. In the absence of any facts, the Plaintiffs instead append a lengthy expert witness report (the "Concannon Report"). The Concannon Report consists almost exclusively of selected examples of what the author ultimately seeks to label as "corruption" in the Haitian legal system, based on his personal observations. Those observations, however, fall far short, of establishing any such deficiencies in the Plaintiffs' case. The Plaintiffs ask that the Court weigh those issues on its own, without submitting them to a trier of fact or allowing the Defendant the opportunity to cross-examine Mr. Concannon and his theories of judicial nativism. Any judicial system, any human system, is replete with weaknesses and failures. The United States judicial system is weighted with its own deficiencies as well, but those deficiencies do not delegitimize the justice rendered in any particular case. There were 79,704 total federal criminal defendants in the United States in 2018. Only 320 of those defendants had their cases tried. https://www.uscourts.gov/sites/default/files/data_tables/jb_d4_0930.2018.pdf.[2] Presenting selective information and ad hominem anecdotes in the manner set forth in Mr. Concannon's report falls far short of both the standard for admissibility and any aim of accurately describing the quality of justice rendered in any particular case. Most important, the validation of such a

---

[2] See https://www.pewresearch.org/fact-tank/2019/06/11/only-2-of-federal-criminal-defendants-go-to-trial-and-most-who-do-are-found-guilty/ interpreting data.

report as the basis for the entry of summary judgment runs counter to the mandate that the Court not substitute its own judgment for that of the jury.

        D.      <u>The Uncollectability of a Civil Judgment is not a Basis to Invoke the TVPA</u>

The Plaintiffs argue that they have been unable to collect damages from the defendants found liable in Haiti in support of the insufficiency of local remedies. That is because the defendants in Haiti apparently do not have any assets that could be used to pay those judgments, nor do the Plaintiffs offer any evidence, that they have even made any efforts to try and collect those judgments. The Plaintiffs do not suggest that there exist in the United States any assets that could be used to satisfy those judgments or offer any basis for the argument that the uncollectability of a judgment is a testament to the insufficiency of a judicial system. There is nothing about the transference of a Haitian action to the United States that will change those facts.

V.      Conclusion

Wherefore, for the foregoing reasons, the Defendant Jean Morose Viliena prays that the Court deny the Plaintiffs' Motion for Partial Summary Judgment and that the Court grant such other and further relief as is just.

Jean Morose Viliena,

By his attorney,

 /s/ Peter J. Haley
Peter J. Haley (BBO# 543858)
*peter.haley@nelsonmullins.com*
Patrick T. Uiterwyk (BBO# 665836)
*patrick.uiterwyk@nelsonmullins.com*
Nelson Mullins Riley & Scarborough LLP
One Financial Center
Boston, MA 02111
p. (617) 217-4714
f. (617) 217-4710

Dated: April 18, 2022

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this date.

Date:   April 18, 2022            /s/ Peter J. Haley