UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| DAVID BONIFACE,<br><br>NISSANDÈRE MARTYR, and<br><br>JUDERS YSEMÉ,<br><br>       Plaintiffs,<br><br>    v.<br><br>JEAN MOROSE VILIENA<br>(a.k.a. JEAN MOROSE VILLIENA),<br><br>       Defendant. | Case No. 1:17-cv-10477-ADB |

**<u>PLAINTIFFS DAVID BONIFACE, NISSANDÈRE MARTYR AND JUDERS YSEMÉ'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE PORTION OF AFFIDAVIT OF JEAN MOROSE VILIENA IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

SF-4814748

Pursuant to Rule 56(e) of the Federal Rules of Civil Procedure, Plaintiffs David Boniface, Nissandère Martyr, and Juders Ysemé (collectively "Plaintiffs") hereby move to strike a portion of the Affidavit of Jean Morose Viliena in Opposition to Plaintiffs' Motion for Partial Summary Judgment ("Defendant's Affidavit").[1]

I.  ARGUMENT

    A.  **The Court Should Strike a Portion of Defendant's Affidavit, Which Is Conclusory and Inconsistent With His Prior Sworn Testimony.**

Plaintiffs move to strike the second sentence of paragraph 6 of Defendant's Affidavit. Fed. R. Civ. P. 56(e); *see also Facey v. Dickhaut*, 91 F. Supp. 3d 12, 19–20 (D. Mass. 2014). Defendant's statement is conclusory, contradicts his prior sworn deposition testimony, improperly attempts to offer expert testimony, and should be stricken by the Court.

Federal Rule of Civil Procedure 56(c)(4) states that "[a]n affidavit . . . used to . . . oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant . . . is competent to testify on the matters stated." A party opposing summary judgment must identify specific facts showing a genuine issue for trial and must do more than rely on "subjective beliefs when they are not factually based and merely constitute conclusory, self-serving statements." *Torrech-Hernandez v. Gen. Elec. Co.*, 519 F.3d 41, 48 (1st Cir. 2008); *see also Perez v. Volvo Car Corp.*, 247 F.3d 303, 316–17 (1st Cir. 2001) (excluding conclusory statements insufficiently supported with particularized factual information at summary judgment).

Courts in the First Circuit also follow the "sham affidavit rule" which requires that "[i]f 'an interested witness has given clear answers to unambiguous questions, he cannot create a conflict and resist summary judgment with an affidavit that is clearly contradictory, but does not

---

[1] Dkt 152.

give a satisfactory explanation of why the testimony is changed.'" *OneBeacon Am. Ins. Co. v. Com. Union Assur. Co. of Canada*, 804 F. Supp. 2d 77, 84 (D. Mass. 2011), *aff'd*, 684 F.3d 237 (1st Cir. 2012) (citing *Colantuoni v. Alfred Calcagni & Sons, Inc.*, 44 F.3d 1, 5 (1st Cir. 1994)). "The timing of the change in testimony, *i.e.*, in response to a summary judgment request, is probative of an attempt to manufacture an issue of fact." *Melendez-Ortiz v. Wyeth Pharm. Co.*, 775 F. Supp. 2d 349, 365 (D.P.R. 2011). Indeed, "[i]f a party simply could offer a contradictory, post-deposition affidavit to defeat summary judgment without providing a satisfactory explanation for the contradiction, the purpose of summary judgment would be defeated." *Mahan v. Bos. Water & Sewer Comm'n*, 179 F.R.D. 49, 53 (D. Mass. 1998) (internal citations omitted).

Here, Plaintiffs took the sworn deposition of Defendant Jean Morose Viliena ("Defendant" or "Viliena") on November 1, 2021. In response to a question from Plaintiffs' counsel regarding the Haitian state's investigation into the radio station attack, one of the incidents underlying Plaintiffs' claims,[2] Defendant testified: "[i]n Haiti, everything that happens has to stay with politics. And any time that politics is involved in something, it's very difficult for the people to find justice. . . ."[3] During the same line of questioning, Defendant further testified to the "weakness" and "irresponsibility" of the Haitian state[4] and conceded that "it takes senators and deputy with the power to have the police to come to a place like Les Irois."[5]

On March 28, 2022, Plaintiffs moved for partial summary judgment on Defendant's

---

[2] Dkt 1.
[3] Dkt 146 Declaration of Bonnie Lau ("Lau Decl.") Ex. 3 [Deposition Transcript of Jean Morose Viliena ("Viliena Dep.")] at 112:21-24.
[4] Dkt 146 Lau Decl. Ex. 3 [Viliena Dep.] at 113:11-17.
[5] Dkt 146 Lau Decl. Ex. 3 [Viliena Dep.] at 112:12-16.

affirmative defense of failure to exhaust local remedies.[6] On April 18, 2022, Defendant filed his Opposition to Plaintiffs' Motion for Partial Summary Judgment,[7] supported by Defendant's Affidavit. In an apparent attempt to walk back his sworn deposition testimony regarding the inadequacy of the Haitian justice system, Defendant's Affidavit states in relevant part: "Based on my personal experience and public life in Haiti, I believe that the country of Haiti has a functioning and fair judicial system that has provided the Plaintiffs in this case, with a means to recover damages for any claims that can be proved against others."[8]

Defendant's belief that Haiti has a "functioning and fair judicial system" is a conclusory, self-serving statement that is devoid of any particularized factual support. Nor does Defendant possess the competence or specialized knowledge necessary to offer an expert opinion on the state of the Haitian judiciary. Fed. R. Evid. 701, 702. Defendant's "sham affidavit" also contradicts his prior sworn deposition testimony which expressly acknowledged that politics thwarts justice in Haiti. Defendant fails to give any explanation, let alone a "satisfactory" one, of why his testimony changed. The Court should bar Defendant's improper attempt to "offer a contradictory, post-deposition affidavit to defeat summary judgment." See Mahan, 179 F.R.D. at 53.

## II.     CONCLUSION

For all of the above reasons, Plaintiffs respectfully request that this Court strike the second sentence of paragraph 6 of Defendant's Affidavit.

---

[6] Dkt 144-148.

[7] Dkt 149-152.

[8] Dkt 152 ¶ 6.

SF-4814748

Dated:  May 2, 2022

Respectfully submitted,

DAVID BONIFACE, NISSANDÈRE MARTYR, AND JUDERS YSEMÉ

By their attorneys,

*/s/ Bonnie Lau*
CENTER FOR JUSTICE & ACCOUNTABILITY
Daniel McLaughlin (pro hac vice)
dmclaughlin@cja.org
Carmen K. Cheung (pro hac vice)
ccheung@cja.org
Elzbieta T. Matthews (pro hac vice)
ematthews@cja.org
One Hallidie Plaza, Suite 750
San Francisco, CA 94102
(415) 544-0444 (telephone)

MORRISON & FOERSTER LLP
Bonnie Lau (pro hac vice)
blau@mofo.com
425 Market Street
San Francisco, California 94105
(415) 268-6511 (telephone)

MORRISON & FOERSTER LLP
Benjamin S. Kagel (pro hac vice)
bkagel@mofo.com
Sarah J. Vandervalk (pro hac vice)
svandervalk@mofo.com
12531 High Bluff Drive
San Diego, California 92130
(858) 720-5100 (telephone)

DENTONS US LLP
Philip A. O'Connell, Jr. (BBO# 649343)
philip.oconnelljr@dentons.com
Tony K. Lu (BBO# 678791)
tony.lu@dentons.com
One Beacon Street, Suite 25300
Boston, Massachusetts 02108
(617) 235-6802 (telephone)

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2022, I caused to be filed electronically a true copy of the foregoing document with the Clerk of the Court using the CM/ECF system, which will notify the parties of record via electronic notification.

*/s/ Bonnie Lau*
