UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

)
DAVID BONIFACE, NISSAGE MARTYR           )
and JUDERS YSEMÉ                          )
                                          )
        Plaintiffs,                       )
                                          )        Civil Action
v.                                        )        No. 17-10477-ADB
                                          )
JEAN MOROSE VILIENA                       )
                                          )
        Defendant.                        )
_____)

**DEFENDANT JEAN MOROSE VILIENA'S MEMORANDUM OF LAW IN
OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE
PORTION OF AFFIDAVIT OF JEAN MOROSE VILIENA**

The Defendant Jean Morose Viliena ("Defendant") submits this memorandum of law in

support of his opposition to the Plaintiffs' Motion to Strike Portion of Affidavit of Jean Morose

Viliena in Opposition to Plaintiffs' Motion for Partial Summary Judgment ("Motion to Strike").

ARGUMENT

I.    Paragraph 6 of Defendant's Affidavit Is Not Clearly Contradictory Of His Deposition
      Testimony

The gravamen of Plaintiffs' Motion to Strike is rooted in the allegation that Defendants'

affidavit is a "sham" because it purportedly contradicts his previous deposition testimony. (*See*

Opposition, pp. 1-2.) Plaintiffs' motion fails because it is premised on a truncated and entirely

misleading characterization of his deposition testimony. A complete review of Defendant's

testimony—inclusive of Plaintiffs' counsel's questions—demonstrates that there is simply no

contradiction.

When "a party has given 'clear answers to unambiguous questions' in discovery, that party

cannot 'create a conflict and resist summary judgment with an affidavit that is clearly contradictory.'" *Hernandez-Loring v. Universidad Metropolitana*, 233 F.3d 49, 54 (1st Cir. 2000) (quoting *Colantuoni v. Alfred Calcagni & Sons, Inc.*, 44 F.3d 1, 4-5 (1st Cir. 1994)). "Whether there is such a clear contradiction and whether an explanation for it is satisfactory are highly dependent on a fact-intensive assessment made by the court." *Gattineri v. Wynn MA, LLC*, 2022 WL 123621, at *1 (D. Mass. Jan. 13, 2022).  The moving party bears the burden of showing a *clear* contradiction. *See id*.

In his affidavit, Defendant states:

> Based on my personal experience and public life in Haiti, I believe that the country of Haiti has a functioning and fair judicial system that has provided the Plaintiffs in this case with a means to recover damages for any claims that can be proved against others.

Affidavit of Jean Morose Viliena ("Affidavit"); Docket 152, ¶ 6.

Plaintiffs assert that this statement is "clearly contradicted" by the following deposition testimony:

> Q.   How did you feel when you learned that the radio station had been destroyed?
>
> A.   Because I never wanted this thing to happen in the city where I was mayor, but unfortunately—unfortunately the way politics is done in Haiti and it's a very difficult way. And I think if the senators and the deputy were really supporting me and trying to get the police to be in Les Irois, this thing would not happen, because it takes senators and deputy with the power to have the police to come to a place like Les Irois.
>
> Q.   Did you participate in the investigation of who destroyed the radio station?
>
> A.   No, I didn't participate in it.
>
> Q.   Who led the investigation?
>
> A.   In Haiti, everything that happens has stay with politics. And any time that politics is involved in something, it's very difficult for the people to find justice, so that's why.

Q.      My question was who led the investigation.

A.      I believe that the police had conducted an investigation. The justice has conducted investigation.

Q.      Why did you play no role?

A.      As I was accused as being part of the destroy of the radio station, so participating in the investigation didn't have any sense, as I explained before.

Q.      What's your opinion of who is responsible for the radio station attack?

A.      I believe that it's because of the weakness of the state that caused all the situation in Les Irois. The official authorities never sit together to find a way to run the city, and that's because of the irresponsibility of the state, of the officials. That's why all this happened in Les Irois.

(Docket No. 146, Deposition Transcript of Jean Morose Viliena, at 112:6-25; 113:1-17.)

At his deposition, Defendant is answering questions regarding an attack on a radio station and his understanding that the police conducted an investigation of this attack. He does not make any mention of Haiti's judicial system and he was not asked any questions regarding Haiti's judicial system. Put simply, there is no "clear contradiction" between his testimony and his Affidavit.

The cases cited by Plaintiffs underline their failure to show a clear contradiction. In *Mahan v. Bos. Water & Sewer Comm'n*, the court was presented with a plaintiff's affidavit that stated offensive conduct (the placement of pornographic materials on a car's windshield) continued in 1995 and 1997, where the plaintiff had previously testified that the conduct ceased in 1994. 179 F.R.D. 49, 53–54 (D. Mass. 1998). And in *OneBeacon Am. Ins. Co. v. Com. Union Assur. Co. of Canada*, the affiant testified about his personal knowledge regarding whether payments were made, when he had previously testified at his deposition that he did not have personal knowledge of specific payments. 804 F. Supp. 2d 77, 85 (D. Mass. 2011), *aff'd*, 684 F.3d 237 (1st Cir. 2012).

3

No such clear and direct contradictory statements are present in this matter. There is no change in a key date or direct repudiation of a specific, affirmative statement.

Instead, the Affidavit and testimony are more like those considered in *Gattineri v. Wynn MA, LLC*, 2022 WL 123621, at *2 (D. Mass. Jan. 13, 2022), where the court found that there was no clear contradiction with prior deposition testimony. The court focused not only on the deposition answers, but the deposition questions:

> Again, the affidavit does not clearly contradict the deposition testimony. Gattineri testified that he e-mailed Mr. DeSalvio the evening of April 14 concerning a meeting to discuss the pricing of the land. Although he did not specifically mention his "desire to be made whole on [his] percentage of the price reduction," counsel did not ask him an unambiguous question as to what he meant by "the pricing of the land and all that."

2022 WL 123621, at *3. Plaintiffs offer no argument or explanation as to how Defendant's responses regarding his understanding of an attack on a radio station, and the police's investigation of that attack (in which he, the Defendant, was not involved), is contradictory to his statement that Haiti has a fair and functioning judicial system. Instead, it is only by completely omitting the deposition questions from their brief, along with much of the Defendant's contextualizing testimony, are Plaintiffs even able to suggest there might be a contradiction. Accordingly, the Court should reject Plaintiffs' Motion to Strike, as there is no clear contradiction between his deposition testimony and his affidavit.

II. Paragraph 6 of Defendant's Affidavit Does Not Offer Expert Opinion Testimony

As an initial matter, the Court should decline to consider Plaintiffs' one-sentence argument that paragraph 6 of the Affidavit impermissibly offers expert opinion testimony. The failure to provide an explanation or examination of this issue in Plaintiffs' brief amounts to a waiver. *See, e.g., Turley v. McKenzie*, 2018 WL 314814, at *1 (D. Mass. Jan. 5, 2018) ("Turley does assert, in two conclusory sentences that all his other state law claims survive defendants' motions. This

cursory argument is insufficient to prevent a waiver.") (citing *United States v. Encarnacion-Ruiz*, 787 F.3d 581, 586 (1st Cir. 2015)); *Brocklesby v. Kijakazi*, 2021 WL 8316260, at *18 (D. Mass. Oct. 25, 2021) (because a court is "free to disregard" argument "not developed" in brief, "[t]he one-sentence argument that the ALJ misapplied the law by improperly concluding plaintiff had the capability to engage in work at the sedentary level is therefore waived") (internal citations and quoting omitted); *see also United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work.").

Nevertheless, Paragraph 6 of the Affidavit does not present expert opinion testimony. As the Affidavit expressly states, Defendant is providing testimony based on his "personal experience" with the judicial system, not only as the former mayor of Les Irois, Haiti, but also as a litigant in the judicial system. *See, e.g., Farner v. Paccar, Inc*., 562 F.2d 518, 528–29 (8th Cir. 1977) ("We agree with the trial court that [the witness], who had been in the trucking business almost thirty years [,] ... could testify as to the simple use of the safety chains ... as a lay witness speaking within his own knowledge and perception...."); *L.A. Times Commc'ns, LLC v. Dep't of the Army*, 442 F. Supp. 2d 880, 887 (C.D. Cal.2006) ( "Generally, lay witnesses can testify to inferences or opinions that are drawn from a series of personal observations over time ... [and can] testify to opinions based on a combination of their personal observations ... and their specialized knowledge obtained through their vocation." (citation omitted)); *Glob. Computer Enterprises, Inc. v. United States*, 88 Fed. Cl. 52, 67 (2009) ("Even testimony that is 'somewhat speculative' may nonetheless be admitted under Rule 701.").

Plaintiffs have not offered any citation to a case standing for the proposition that Defendant's testimony qualifies as "expert opinion" testimony, let alone to any case indicating that

expert testimony is required to demonstrate the adequacy of a foreign civil or criminal remedy. Indeed, Courts routinely examine the adequacy of foreign judicial systems without reference to expert testimony, but rather taking into consideration lay testimony, congressional testimony, and other sources. *See Aenergy, S.A. v. Republic of Angola*, 2021 WL 1998725, at \*13 (S.D.N.Y. May 19, 2021), *aff'd*, 31 F.4th 119 (2d Cir. 2022) (considering forum non conveniens and noting that "Plaintiffs concede that 'corruption concerns are generally insufficient' to show that an alternative forum is inadequate"); *cf*. Fed. R. Civ. P. 44.1 ("In determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence."); Restatement (Third) of Foreign Relations Law § 482, comment b (1987) ("A court asked to recognize or enforce the judgment of a foreign court must satisfy itself of the essential fairness of the judicial system under which the judgment was rendered. The recognizing court may make this determination without formal proof or argument, on the basis of general knowledge and judicial notice."). Accordingly, Plaintiffs have failed to make any argument, let alone a persuasive one, that paragraph 6 of the Affidavit constitutes expert testimony.

<u>CONCLUSION</u>

Wherefore, for the foregoing reasons, Defendant Jean Morose Viliena respectfully requests that the Court deny Plaintiffs' Motion to Strike.

Jean Morose Viliena,

By his attorney,

_/s/ Patrick T. Uiterwyk_
Peter J. Haley (BBO# 543858)
_peter.haley@nelsonmullins.com_
Patrick T. Uiterwyk (BBO# 665836)
_patrick.uiterwyk@nelsonmullins.com_
Nelson Mullins Riley & Scarborough LLP
One Financial Center
Boston, MA 02111
p. (617) 217-4714
Dated: May 16, 2022                f. (617) 217-4710

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this date.

Date:    May 16, 2022            _/s/ Patrick T. Uiterwyk_