UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| DAVID BONIFACE, <br><br> NISSANDÈRE MARTYR, and <br><br> JUDERS YSEMÉ, <br><br>    Plaintiffs, <br><br>  v. <br><br> JEAN MOROSE VILIENA <br> (a.k.a. JEAN MOROSE VILLIENA), <br><br>    Defendant. | Case No. 1:17-cv-10477-ADB |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' ASSENTED-TO
MOTION FOR DATE CERTAIN FOR TRIAL**

  Plaintiffs David Boniface, Nissandère Martyr, and Juders Ysemé ("Plaintiffs") respectfully request the Court to set a date certain for trial in this matter. Trial is currently set for July 25, 2022. (Dkt 133, 134.) The parties completed briefing related to dispositive motions on May 25, 2022, (*see* Dkt 162), which may potentially narrow the issues to be presented at trial. For the reasons set forth below, Plaintiffs request that the Court set trial to commence on March 20, 2023, or on the next available date certain that is convenient for the Court. The Defendant does not object to the continuation of the existing trial dates, however, subject to the Court's schedule, believes the requested March, 2023 date is too long an extension and requests that the continuation date be within 2022.

**I.  RELEVANT BACKGROUND**

  As detailed in the Complaint, this case arises from the brutal torture, killing, and persecution of media activists and human rights advocates in the Haitian town of Les Irois. (Dkt 1.) Therefore, the attendance and testimony of Haitian witnesses are likely to be critical to

1

Plaintiffs proving their case at trial. Plaintiffs David Boniface, Nissandère Martyr, and Juders Ysemé have brought suit against Defendant Jean Morose Viliena, the mayor of Les Irois, Haiti, under (1) the Torture Victim Protection Act of 1991 (TVPA), 28 U.S.C. § 1350, note, for Defendant's role in the extrajudicial killing of David Boniface's brother, Eclesiaste Boniface, and in the torture and attempted extrajudicial killing of Juders Ysemé and Nissage Martyr, and (2) Haitian law for Defendant's role in the mass arson of 36 homes, including Plaintiffs'. Local Les Irois residents witnessed these acts, the events leading up to them, and Viliena's involvement. Plaintiffs have deposed five Haitian witnesses who were willing to risk their safety to testify to their personal knowledge of Viliena's involvement in the killing, radio station attack, and arson, and expect that these witnesses will testify at trial.[1] In addition, two Haitian nationals were instrumental in interpreting from Haitian Creole to English during the depositions of Plaintiffs, Defendant, and these witnesses,[2] and Plaintiffs expect that they will interpret at trial as well.

Discovery closed in this case on January 31, 2022. (Dkt 133, 134.) On March 28, 2022, the parties filed respective motions for complete or partial summary judgment. (Dkt 139-162.) Plaintiffs moved for partial summary judgment against Defendant's affirmative defense of failure to exhaust local remedies. (Dkt 144-148.) Defendant moved for summary judgment on all claims or, in the alternative, severance of the claims related to the death of Eclesiaste Boniface from the claims related to the shooting of Juders Ysemé and Nissage Martyr. (Dkt 139-143.) Summary judgment briefing was completed on May 2, 2022.[3] The parties await the

---

[1] Declaration of Bonnie Lau ("Lau Decl.") at ¶ 3.
[2] Lau Decl. at ¶ 4.
[3] Briefing related to Plaintiffs' motion to strike Defendant's affidavit in support of his summary judgment opposition brief was completed on May 25, 2022. (Dkt 156-162.)

Court's resolution of these dispositive motions, which could significantly streamline the issues presented at trial.

Trial is presently set for July 25, 2022.  (Dkt 133, 134.)  Pretrial disclosures are due in two weeks, on June 17, 2022, with the pretrial memorandum due shortly thereafter on July 1, 2022.  (*Id*.)

Postponing the July 25, 2022 trial date until after the Court has ruled on the parties' dispositive motions will conserve judicial and party resources, and avoid premature or unnecessary pretrial filings on issues that may become mooted by the Court's summary judgment rulings.[4]  Plaintiffs are also aware that the COVID-19 public emergency has materially affected the functioning of the federal courts generally,[5] resulting in potential delays to previously scheduled trial dates.  Further, setting a date certain for trial would significantly lessen the logistical burden on Plaintiffs to facilitate travel from Haiti to the United States for trial.

## II.     ARGUMENT

Plaintiffs, their fact witnesses, and their Haitian Creole interpreters are located in Haiti and will need to travel to the United States for trial.  As Haitian nationals, they will face several logistical challenges in making travel arrangements.  Certain witnesses may not have passports or the documents necessary to apply for a passport.  Even once a passport is secured, travelers must apply for a visitor visa and be fully vaccinated for COVID-19 prior to being permitted to

---

[4] *See* L.R., D. Mass. 16.5 (requiring that the joint pretrial memorandum set forth "contested issues of fact; any jurisdictional questions; any questions raised by pending motions; issues of law, including evidentiary questions, together with supporting authority").
[5] *See, e.g.*, United District Court, District of Massachusetts, General Order 22-6 (May 16, 2022) (recognizing the continuing impact of the COVID-19 national emergency on the federal courts generally).

travel to the United States. If the current July 25, 2022 trial date is postponed, having a future date certain for trial would enable Plaintiffs, witnesses, and interpreters to leverage that trial date to attempt to expedite these protracted processes.

### A. Visa Requirement

Plaintiffs, witnesses, and interpreters who must travel from Haiti to the United States are required to apply for and be granted a "B" visitor visa. This visa type requires an interview appointment at the U.S. Embassy. Due to COVID-19, the Embassy has reduced the number of daily in-person visa appointments, in particular limiting the number of B1/B2 visa appointments.[6] The current average wait time for an interview at the U.S. Embassy in Port au Prince, Haiti is 365 days.[7] Plaintiffs' counsel intends to work with Plaintiffs, witnesses, and interpreters to request expedited interview appointments,[8] but the likelihood and timeframe for receiving such appointments is presently unknown.

While these obstacles are significant, Plaintiffs believe that they can be overcome. To accomplish this, however, Plaintiffs would like to have a date certain for commencement of trial. Such a date certain will greatly simplify the process of obtaining the various permissions that are necessary to allow travel to Boston for the trial.

---

[6] *Nonimmigrant Visas*, U.S. Embassy in Haiti, https://ht.usembassy.gov/visas/nonimmigrant-visas (last visited May 16, 2022).
[7] *Visa Appointment Wait Times*, U.S. Department of State – Bureau of Consular Affairs, https://travel.state.gov/content/travel/en/us-visas/visa-information-resources/wait-times.html (last visited May 16, 2022). Additional processing time, if required, can result in further delay. *Id.*
[8] *See id*; *Nonimmigrant Visas*, U.S. Embassy in Haiti, https://ht.usembassy.gov/visas/nonimmigrant-visas (last visited May 16, 2022).

### B. Vaccination Requirement

The Centers for Disease Control and Prevention currently require noncitizen, non-immigrants entering the United States by air to be fully vaccinated against COVID-19.[9]  Further, travelers must be able to provide *verifiable* records of vaccination with an "acceptable" vaccine.[10]  As of May 15, 2022, less than 300,000 vaccine doses had been administered in Haiti, which has a population of over 11 million—*i.e.* less than 2% of the Haitian population has been fully vaccinated against COVID-19.[11]

### C. Cost Considerations

Plaintiffs, witnesses, interpreters, and the large majority of Plaintiff's trial team will need to travel to Boston for trial.  Trial attendance will require the purchase of international flights from Haiti to Boston by Plaintiffs, witnesses, and interpreters, and cross-country flights from California to Boston for Plaintiffs' counsel.  All of these individuals will require local lodging.  These costs will place a substantial burden on Plaintiffs and their counsel, who are providing their services pro bono.  If the trial date were to change subsequent to incurring these costs, Plaintiffs' financial ability to pursue their case could be significantly impaired.

Beyond financial costs, the required travel arrangements will come at a significant personal cost to Plaintiffs who will bear the burden of having to travel back and forth to Haiti, at a time when they remain in hiding and struggle to meet their basic needs.  Plaintiffs ask that

---

[9] *Requirement for Proof of COVID-19 Vaccination for Air Passengers*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/travelers/proof-of-vaccination.html (last updated April 29, 2022).
[10] *Id.*
[11] World Health Organization, https://covid19.who.int/region/amro/country/ht (last visited May 16, 2022).

the Court lessen this burden by reducing the risk of unnecessary travel and setting a date certain for trial.

Finally, preparing for trial in advance of the Court's rulings on the pending dispositive motions will require unnecessary pretrial briefing and preparation of issues for trial that may ultimately be mooted by the Court's ruling. Maintaining the current pretrial schedule may substantially increase the cost of pretrial preparations and waste party and judicial resources.

For all of these reasons, Plaintiffs respectfully request that the Court set a date certain for trial in this matter on March 20, 2023, or the next available date certain that is convenient for the Court. Defendant requests that the continuation date be within 2022. Given the nature of the claims at issue, Plaintiffs anticipate an eight-day trial.

Dated:  June 10, 2022               Respectfully submitted,

                                              DAVID BONIFACE, NISSANDÈRE
MARTYR, AND JUDERS YSEMÉ

By their attorneys,

*/s/ Bonnie Lau*
CENTER FOR JUSTICE & ACCOUNTABILITY
Daniel McLaughlin (pro hac vice)
dmclaughlin@cja.org
Carmen K. Cheung (pro hac vice)
ccheung@cja.org
Elzbieta T. Matthews (pro hac vice)
ematthews@cja.org
One Hallidie Plaza, Suite 750
San Francisco, CA 94102
(415) 544-0444 (telephone)

MORRISON & FOERSTER LLP
Bonnie Lau (pro hac vice)
blau@mofo.com
425 Market Street
San Francisco, California 94105
(415) 268-6511 (telephone)

MORRISON & FOERSTER LLP
Sarah J. Vandervalk (pro hac vice)
svandervalk@mofo.com
12531 High Bluff Drive
San Diego, California 92130
(858) 720-5100 (telephone)

DENTONS US LLP
Philip A. O'Connell, Jr. (BBO# 649343)
philip.oconnelljr@dentons.com
Tony K. Lu (BBO# 678791)
tony.lu@dentons.com
One Beacon Street, Suite 25300
Boston, Massachusetts 02108
(617) 235-6802 (telephone)

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2022, I caused to be filed electronically a true copy of the foregoing document with the Clerk of the Court using the CM/ECF system, which will notify the parties of record via electronic notification.

                                               */s/ Bonnie Lau*