UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DAVID BONIFACE, NISSAGE MARTYR and JUDERS YSEMÉ )<br><br>Plaintiffs, )<br><br>v. )<br><br>JEAN MOROSE VILIENA )<br><br>Defendant. ) | Civil Action<br>No. 17-10477-ADB |

**PRE-TRIAL MEMORANDUM**
**OF DEFENDANT JEAN MOROSE VILIENA**

The Defendant Jean Morose Viliena ("Defendant") submits this Pre-Trial Memorandum in accordance with the Court's Pretrial Order [Docket No. 171].

**1.   Summary of Evidence to be Offered by Defendant.**

The Defendant anticipates that the evidence will show that he was the popularly elected mayor of Les Irois, Haiti and that the Plaintiffs were, and are, his political opponents. The Defendant's cousin, the Plaintiff David Boniface, undertook a three year investigation of the Defendant borne of personal and political animus and through those efforts initiated this action. Mr. Boniface has no personal knowledge of any of the operative facts relating to the death of his brother, Eclesiaste Boniface, he was not present, the radio station attack, he was not present, or the alleged arson, he was not present. The Plaintiff Juders Yseme, participated with Mr. Boniface in his investigation. The Defendant anticipates that the evidence will show that the Defendant took no personal action against any of the Plaintiffs, but that the acts they complain of in this action arise out of the allegations that the Defendant was responsible for the acts of third parties over

whom he had no control.

    2.    **<u>Statement of Agreed Upon Facts</u>**.

The Defendant has stipulated to certain facts at the request of the Plaintiffs that will be set forth in Plaintiffs Pretrial Memorandum. The Plaintiffs have agreed that:

1. The Plaintiffs are each Haitian citizens who reside in Haiti.
2. The Plaintiffs have never had direct communications with Defendant while he was in the United States.
3. A meter is equal to 3.2 feet.
4. 1000 Haitian gourdes is currently equal to approximately 7 US dollars and, in 2009, was equal to approximately 26 US dollars.

    3.    **<u>Contested Issues of Fact</u>**

    A. Whether the Defendant took any action that caused any harm or damage to any of the Plaintiffs.

    B. Whether the Defendant caused the actions of the alleged third party actors.

    C. Whether the Plaintiffs suffered any harm or damages.

    D. Whether the Defendant knew or should have known that the alleged third party actors were committing, or planned to commit the alleged acts of violence.

    E. Whether the acts of the Defendant constituted:

(1) acts, directed against an individual in the offender's custody or physical control, by which severe pain or suffering (other than pain or suffering arising only from or inherent in, or incidental to, lawful sanctions), whether physical or mental, is intentionally inflicted on that individual for such purposes as obtaining from that individual or a third person information or a confession, punishing that individual for an act that individual or a third person has committed or is suspected of having committed, intimidating or coercing that individual or a third person, or for any reason based on discrimination of any kind; and

(2) mental pain or suffering refers to prolonged mental harm caused by or resulting from—

(A) the intentional infliction or threatened infliction of severe physical pain or suffering;

(B) the administration or application, or threatened administration or application, of mind altering substances or other procedures calculated to disrupt profoundly the senses or the personality;

(C) the threat of imminent death; or

(D) the threat that another individual will imminently be subjected to death, severe physical pain or suffering, or the administration or application of mind altering substances or other procedures

F.   Whether the Defendant acted under the authority of law.

4. **Jurisdictional Questions.**

The Defendant has previously in his Motion to Dismiss and Motion for Summary Judgment set forth his jurisdictional challenges to this action. Those issues have been decided by the Court. The Defendant expressly reserves all rights.

5. **Pending Motions**

The Parties have filed and briefed motions in limine.

6. **Issues of Law**

The applicable issues of law have previously been decided by the Court in its Order on Summary Judgment. [Docket No. 171].

7. **Amendments to Pleadings**

None.

8. **Additional Matters**

None

9. **Length of Trial**

Jury.   Five (5) days.

10. **Witnesses**

Fact Witnesses.

A. Jean Morose Viliena
   Malden, MA

B. David Boniface
   Haiti

C. Juders Yseme
   Haiti

D. Any witness called or designated by the Plaintiffs.

E. The Defendant expressly reserves the right to call any witness for purposes of rebuttal or impeachment.

By Deposition

F. Mers Yseme
   Haiti

G. David Boniface
   Haiti

H. Juders Yseme
   Haiti

I. Jean Denais Laguerre
   Haiti

11. **Exhibits**

The Defendant expressly reserves the right to use any exhibit introduced or offered by the Plaintiffs and to use any document for purposes of impeachment or rebuttal.

|  |  |
|---|---|
|  | Jean Morose Viliena, |
|  | By his attorney, |
|  | _/s/ Peter J. Haley_<br>Peter J. Haley (BBO# 543858)<br>*peter.haley@nelsonmullins.com*<br>Nelson Mullins Riley & Scarborough LLP<br>One Financial Center<br>Boston, MA 02111<br>p. (617) 217-4714 |
| Dated:  February 23, 2023 |  |

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this date.

Date:   February 23, 2023         _/s/ Peter J. Haley_