UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| DAVID BONIFACE, <br><br> NISSANDÈRE MARTYR, and <br><br> JUDERS YSEMÉ, <br><br> Plaintiffs, <br><br> v. <br><br> JEAN MOROSE VILIENA (a.k.a. JEAN MOROSE VILLIENA), <br><br> Defendant. | Case No. 1:17-cv-10477-ADB |

**PLAINTIFFS' PRETRIAL MEMORANDUM**

1

**TABLE OF CONTENTS**

I. CONCISE STATEMENT OF THE EVIDENCE ................................................................. 3
    A. The Extrajudicial Killing of Eclesiaste Boniface ....................................................... 4
    B. The Attempted Extrajudicial Killing of Juders Ysemé and Nissage Martyr .......... 4
    C. The Torture of Juders Ysemé and Nissage Martyr ................................................... 5
    D. The Mass Arson ......................................................................................................... 5
II. FACTS ESTABLISHED BY THE PLEADINGS, STIPULATIONS, OR PARTY ADMISSIONS ........................................................................................................................ 6
III. CONTESTED ISSUES OF FACT ...................................................................................... 7
IV. JURISDICTIONAL QUESTIONS ..................................................................................... 8
V. QUESTIONS RAISED BY PENDING MOTIONS ............................................................ 8
    A. Plaintiffs' Pending Motions ....................................................................................... 8
    B. Defendant's Pending Motions .................................................................................... 9
VI. ISSUES OF LAW, INCLUDING EVIDENTIARY QUESTIONS ................................... 9
VII. REQUESTED AMENDMENTS TO THE PLEADINGS ................................................. 9
VIII. ADDITIONAL MATTERS TO AID IN DISPOSITION OF ACTION ......................... 9
IX. PROBABLE LENGTH OF TRIAL .................................................................................. 11
X. NAMES AND ADDRESSES OF WITNESSES ................................................................ 11
XI. PROPOSED EXHIBITS .................................................................................................... 11
XII. TESTIMONY BY DEPOSITION ..................................................................................... 11

Pursuant to Rule 16.5 of the Local Rules of the United States District Court for the District of Massachusetts and the Court's Pretrial Order (Dkt. 171), David Boniface, Juders Ysemé, and Nissandère Martyr ("Plaintiffs") submit the following pretrial memorandum.[1]

I.      **CONCISE STATEMENT OF THE EVIDENCE**

Plaintiffs David Boniface, Juders Ysemé, and Nissage Martyr[2] ("Plaintiffs") brought this action against Defendant Jean Morose Viliena ("Defendant") to redress the brutal human rights violations Defendant committed during his tenure as mayor of their hometown, Les Irois, Haiti. Defendant's acts violate the Torture Victim Protection Act ("TVPA"), Pub. L. No. 102-256, 106 Stat. 73 (1992), (codified at 28 U.S.C. § 1350, note), and Haitian law.

During the events at issue, Defendant was affiliated with the MODEREH political party. Plaintiffs were affiliated with an opposition political party, the Struggling People's Party. Defendant, as mayor and MODEREH candidate, was supported by a powerful political machine called KOREGA, which dominates local politics in the southwestern region of Haiti, including Les Irois, through a system of patronage, threats, and violence. As mayor, Defendant led an armed group in a series of attacks on his critics and perceived political opponents in Les Irois, including Plaintiffs.

Plaintiffs diligently sought redress in the courts of Haiti but, as acknowledged by the Court, "domestic remedies against Defendant are foreclosed due to the weakness, politization, and corruption of the Haitian justice system and because Plaintiffs and potential witnesses are subject to an ongoing risk of retaliation for attempting to pursue remedies in Haiti." (Dkt. 191 at

---

[1] The parties met and conferred regarding pretrial submissions on February 16, 2023.
[2] Following the death of Nissage Martyr, the Court granted Plaintiffs' motion to substitute his son, Nissandère Martyr, as Plaintiff. (Dkt. 56.)

3

19.) As a result, Plaintiffs filed this suit in Massachusetts, where Defendant resides. At trial, the parties will address the following four claims:

### A. The Extrajudicial Killing of Eclesiaste Boniface

Defendant is liable to Plaintiff David Boniface for the extrajudicial killing of his brother, Eclesiaste Boniface, under the TVPA.

On July 27, 2007, David Boniface, a teacher and human rights advocate, spoke at a judicial proceeding to protect the human rights of a neighbor assaulted by Defendant. As David left the proceeding, Defendant and a group of mayoral staff and KOREGA militia members confronted David, threatened him, and attempted to hit him. Defendant and his associates said they would "take care of him later."

In reprisal, later the same night, Defendant led a group of armed men to David's home. David was away at church. His younger brother, 23-year-old Eclesiaste Boniface, answered the door. Not finding David at home, Defendant and his associates beat and shot Eclesiaste and smashed his head with a rock, ultimately killing him in David's stead.

### B. The Attempted Extrajudicial Killing of Juders Ysemé and Nissage Martyr

Defendant is liable to Plaintiffs Juders Ysemé and Nissandère Martyr for the attempted extrajudicial killing of Juders and Nissage Martyr (Nissandère's father), under the TVPA.

In March 2008, a group of journalists and activists founded the first radio station in Les Irois called New Vision Radio. The radio station was set up in the home of Nissage Martyr and financed with support from two Struggling People's Party politicians.

On April 8, 2008, Defendant mobilized and armed members of his mayoral staff and the KOREGA militia to forcibly shut down the radio station, which Defendant feared would give voice to the political opposition. During the attack, Defendant and his associates restrained, pistol-whipped, and brutally beat Nissage and Juders. When Nissage and Juders tried to escape,

4

Defendant ordered his associate to shoot and kill them. The shotgun blast struck Nissage in the leg and Juders in the face. As a result of Nissage's injuries, one of his legs was medically amputated and he was no longer able to work as a farmer. As a result of Juders's injuries, he is permanently blind in one eye and suffers dizziness and migraine headaches.

### C. The Torture of Juders Ysemé and Nissage Martyr

Defendant is liable to Plaintiffs Juders Ysemé and Nissandère Martyr for the torture of Juders and Nissage, under the TVPA. The same acts perpetrated against Juders and Nissage by Defendant and his associates during the April 8, 2008 radio station attack constitute torture in violation of the TVPA.

### D. The Mass Arson

Defendant is liable to Plaintiffs David Boniface, Juders Ysemé and Nissandère Martyr for arson under Haitian law.

In or around October 2009, Hautefort Bajon, Defendant's long-time mayoral chief of staff, fell ill. On October 27, 2009, Defendant, together with other mayoral staff and KOREGA militia members, marched through the streets of Les Irois, threatening to burn down houses if Bajon died and blaming the Struggling People's Party for Bajon's illness. On October 29, 2009, Bajon died. That night, Defendant coordinated the mass arson of 36 homes, during which his associates set fire to dozens of homes of people associated with the Struggling People's Party, including the homes of David Boniface, Juders Ysemé, and Nissage Martyr. The mass arson left hundreds of individuals, including Plaintiffs, homeless and destroyed their worldly possessions.

## II.   FACTS ESTABLISHED BY THE PLEADINGS, STIPULATIONS, OR PARTY ADMISSIONS

The parties agree that the following facts are established by the pleadings, by admissions or by stipulations:[3]

1. Plaintiffs David Boniface ("Boniface"), Juders Ysemé ("Ysemé"), and Nissandère Martyr are citizens of Haiti.

2. Original Plaintiff Nissage Martyr, now deceased, was a citizen of Haiti.

3. Plaintiff Nissandère Martyr is the son of Nissage Martyr and was substituted as a plaintiff by the Court in this action following Nissage's death.

4. Defendant Jean Morose Viliena ("Defendant") is a citizen of Haiti and a legal permanent resident of the United States since July 14, 2008, residing in Malden, Massachusetts.

5. Defendant's father is Lissage Viliena.

6. Gilnor (Julnor) Niclas is Defendant's brother-in-law.

7. Hautefort Bajon worked in the mayor's office as general secretary.

8. Meritus Beaublanc worked in the mayor's office.

9. The following people are known to Defendant: Villeme Duclona, Pierrot Boileau, Meritus Beaublanc, Leonel Livert (Lifaite Livert), Mones Dorcenat, Louines Charles (Keleman), Guerson Pierre, France Isme, Cedernier Fleurime, and George Simon.

10. From the period of December 2006 through February 2010 Defendant held the elected position of Mayor of the town of Les Irois, Haiti.

11. One of Defendant's opponents in the mayoral election was the candidate of the Struggling People's Party, William Lebon.

12. As mayor, Viliena's duty was to administer and manage the city of Les Irois.

---

[3] Plaintiffs are continuing to meet and confer with Defendant to reach agreement on additional uncontested facts.

13. As mayor, Defendant did not have a boss and had authority to issue warning letters and to send letters to the Ministry of Interior such as for enforcement or disciplinary actions for mayoral staff.

14. Defendant was present in Les Irois, Haiti on July 27, 2007 and July 28, 2007.

15. On July 27, 2007, Eclesiaste Boniface, brother of Plaintiff Boniface, died in Les Irois.

16. In or around March 2008, a new radio station, Radio Nouvelle Vision, was established in Les Irois.

17. On March 27, 2008, Defendant toured the Radio Nouvelle Vision facility and stated he had "no problem" with the operation of the radio station.

18. On April 8, 2008, Defendant was present in Haiti.

19. On April 8, 2008, during the attack on the radio station, Plaintiff Ysemé and Original Plaintiff Nissage Martyr sustained injuries.

20. On September 16, 2008, Defendant returned to Haiti.

21. On October 29, 2009, Hautefort Bajon died.

22. Defendant left Haiti for the United States on November 27, 2009 and did not return to Haiti until 2012.

23. From the period of August 27, 2012, to around October 2015, Defendant held the appointed position of "Interim Executive Agent" for Les Irois.

24. In August 2019, Defendant traveled to Haiti and was present in Les Irois.

### III. CONTESTED ISSUES OF FACT

Whether Defendant is liable for the extrajudicial killing of Eclesiaste Boniface on July 27, 2007.

Whether Defendant is liable for the attempted extrajudicial killing of Nissage Martyr and Juders Ysemé during the radio station attack on April 8, 2008.

Whether Defendant is liable for the torture of Nissage Martyr and Juders Ysemé during the radio station attack on April 8, 2008.

Whether Defendant is liable for the arsons on October 29, 2009, including of the homes of David Boniface, Nissage Martyr and Juders Ysemé.

## IV.   JURISDICTIONAL QUESTIONS

The Court has subject matter jurisdiction, pursuant to 28 U.S.C. § 1331, because Plaintiffs' claims of extrajudicial killing, attempted extrajudicial killing and torture arise under the Torture Victim Protection Act ("TVPA"), Pub. L. No. 102-256, 106 Stat. 73 (1992) (codified at 28 U.S.C. § 1350 note). The Court has supplemental jurisdiction over Plaintiffs' arson claim based on the laws of the Republic of Haiti pursuant to 28 U.S.C. § 1367. The Court has personal jurisdiction over Defendant, a resident of Malden, Massachusetts.

No jurisdictional issues remain. The Court denied Defendant's motion to dismiss for lack of jurisdiction as to Plaintiffs' TVPA and arson claims. (Dkt. No. 56.) The Court denied Defendant's motion for summary judgment on grounds of lack of subject matter jurisdiction. (Dkt. No. 191.) And the Court granted Plaintiffs' motion for partial summary judgment that Plaintiffs satisfied the TVPA's exhaustion requirement. (*Id.*)

## V.   QUESTIONS RAISED BY PENDING MOTIONS

### A.   Plaintiffs' Pending Motions

Plaintiffs have filed five pending motions *in limine*. Plaintiffs' Motion *in Limine* No. 1 seeks to preclude Defendant from offering opinions regarding the Haitian legal system or any expert testimony. (Dkt No. 197.) Motion *in Limine* No. 2 seeks to preclude Defendant from offering testimony, evidence, or argument that Plaintiffs failed to satisfy the TVPA exhaustion

8

requirement, or that Defendant was purportedly acquitted in the Haitian court proceedings. (Dkt No. 198.) Motion *in Limine* No. 3 seeks to preclude Defendant from offering testimony, evidence, or argument that Plaintiffs were involved in any violent or criminal acts. (Dkt No. 199.) Motion *in Limine* No. 4 seeks to preclude Defendant from arguing that Plaintiffs' counsel, and the Center for Justice and Accountability in particular, is using this lawsuit for an improper purpose. (Dkt No. 200.) Motion *in Limine* No. 5 seeks to introduce videotaped deposition testimony in lieu of live testimony for certain unavailable witnesses. (Dkt No. 201.)

### B. Defendant's Pending Motions

Defendant has filed two pending motions *in limine*. The first motion seeks to exclude any evidence or argument regarding the Court's three emergency protective orders issued to protect the physical safety of Plaintiffs and third party witnesses. (Dkt No. 195.) Defendant's second motion seeks to exclude a photograph of the dead body of Eclesiaste Boniface. (Dkt No. 196.)

## VI. ISSUES OF LAW, INCLUDING EVIDENTIARY QUESTIONS

Beyond the issues raised in the parties' respective motions *in limine*, Plaintiffs anticipate the Court will need to make several evidentiary rulings on hearsay disputes, including regarding unavailable witnesses under Federal Rule of Evidence 804(a), party admissions under Federal Rule of Evidence 801(d)(2)(A), and agency and co-conspirator exclusions under Federal Rule of Evidence 801(d)(2)(D) and 801(d)(2)(E).

## VII. REQUESTED AMENDMENTS TO THE PLEADINGS

Plaintiffs do not request any amendments to the pleadings.

## VIII. ADDITIONAL MATTERS TO AID IN DISPOSITION OF ACTION

Pursuant to Local Rule 43.1(b), the parties will identify each witness whose testimony will be offered at trial, whether by videotaped deposition or oral testimony, seven (7) days before the trial day on which each witness is expected to be presented.

Plaintiffs propose the additional procedures below:[4]

For each witness that is called live, the party calling the witness will identify the exhibits to be offered into evidence with that witness forty-eight (48) hours in advance, and the opposing party shall provide any objections within twenty-four (24) hours. The parties will attempt to resolve any objections, but if they cannot be resolved, the parties will raise the outstanding exhibit objections with the Court the morning that the witness is expected to be presented.

For each witness that is presented via videotaped deposition, the party calling the witness will identify the deposition designations and exhibits to be offered into evidence with that witness forty-eight (48) hours in advance, and the opposing party shall provide any objections within twenty-four (24) hours. The parties will attempt to resolve any objections, but if they cannot be resolved, the parties will raise the outstanding testimony and exhibit objections with the Court the morning that the witness is expected to be presented.

The parties will provide forty-eight (48) hour notice of demonstrative exhibits, i.e., chalks, including opening statement and closing argument demonstratives, and provide any objections to demonstratives within twenty-four (24) hours. The parties will attempt to resolve any objections, but if they cannot be resolved, the parties will raise the outstanding demonstrative objections with the Court the morning that the chalks are expected to be used. Blow-ups or highlights of exhibits, or parts of exhibits or testimony, are not required to be provided to the other side in advance of their use, as long as the exhibit itself has been properly disclosed pursuant to the Court's requirements.

---

[4] Plaintiffs attempted to meet and confer with Defendant on these proposals on February 21, but counsel for Defendant responded on February 23 that he "do[es]n't understand the proposed 'trial procedures' to be necessary to the pretrial memorandum."

**IX.    PROBABLE LENGTH OF TRIAL**

Plaintiffs anticipate that the trial will last 7-10 days, depending on the Court's trial schedule and daily hours.

**X.    NAMES AND ADDRESSES OF WITNESSES**

Attached as Exhibit A is Plaintiffs' witness list.

**XI.    PROPOSED EXHIBITS**

Attached as Exhibit B is Plaintiffs' exhibit list, including Defendant's objections.

**XII.    TESTIMONY BY DEPOSITION**

Plaintiffs presently intend to offer the following videotaped depositions in evidence at trial for the deponents that are unavailable under Federal Rule of Civil Procedure 32(a)(4): Mers Yseme and Jean Denais Laguerre. Attached as Exhibit C are Plaintiffs' deposition designations for Mers Yseme and Jean Denais Laguerre,[5] including Defendant's objections and counter-designations. Plaintiffs will provide transcripts of these designations to the Court in advance of calling a witness by videotaped deposition so that the Court may rule on any outstanding objections.

No deposition testimony not already designated, whether designated as affirmative or counter-designations, may be later added, absent good cause shown.

---

[5] Plaintiffs served deposition designations on Defendant on February 2, 2023, for other witnesses that Plaintiffs currently plan to present via live testimony at trial, including designations for David Boniface, Juders Ysemé, Vilfranc Larrieux, Osephita Lebon, and Franckel Isme.

11

Dated: February 23, 2023

DAVID BONIFACE, NISSANDÈRE MARTYR, AND JUDERS YSEMÉ

By their attorneys,

*/s/ Bonnie Lau*
MORRISON & FOERSTER LLP
Bonnie Lau (pro hac vice)
blau@mofo.com
425 Market Street
San Francisco, California 94105
(415) 268-6511 (telephone)

MORRISON & FOERSTER LLP
Sarah J. Vandervalk (pro hac vice)
svandervalk@mofo.com
12531 High Bluff Drive
San Diego, California 92130
(858) 720-5100 (telephone)

MORRISON & FOERSTER LLP
Christina L. Golden Ademola (pro hac vice)
cademola@mofo.com
250 West 55th Street
New York, New York 10019
(212) 468-8000 (telephone)

DENTONS US LLP
Philip A. O'Connell, Jr. (BBO# 649343)
philip.oconnelljr@dentons.com
One Beacon Street, Suite 25300
Boston, Massachusetts 02108
(617) 235-6802 (telephone)

CENTER FOR JUSTICE & ACCOUNTABILITY
Daniel McLaughlin (pro hac vice)
dmclaughlin@cja.org
Carmen K. Cheung (pro hac vice)
ccheung@cja.org
Elzbieta T. Matthews (pro hac vice)
ematthews@cja.org
268 Bush Street #3432
San Francisco, CA 94104
(415) 544-0444 (telephone)

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 23, 2023, I caused to be filed electronically a true copy of the foregoing document with the Clerk of the Court using the CM/ECF system, which will notify the parties of record via electronic notification.

                                        */s/ Bonnie Lau*