UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DAVID BONIFACE, NISSANDÈRE MARTYR, and JUDERS YSEMÉ, | * * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 17-cv-10477-ADB |
| JEAN MOROSE VILIENA, | * * * | |
| Defendant. | * * * | |

## <u>**MEMORANDUM AND ORDER**</u>

BURROUGHS, D.J.

On June 9, 2026, the Court issued an order, [ECF No. 298], denying Defendant's motion

for reconsideration, [ECF No. 66], of the Court's order, [ECF No. 56], which denied in part

Defendant's motion to dismiss, [ECF No. 46]. Now before the Court is Defendant's motion for

certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b), [ECF No. 299]. For the

following reasons, the motion is **<u>GRANTED</u>**.

## I.    PROCEDURAL HISTORY

The Court's first order on Defendant's motion for reconsideration, [ECF No. 84], was

issued on September 30, 2019, and the Court certified that order for interlocutory appeal, [id. at

14–18]. The First Circuit denied Defendant's petition for interlocutory appeal, see Boniface v.

Viliena, 145 F.4th 98, 112 (1st Cir. 2025), and the case proceeded to trial, [ECF No. 231]. At the

close of a seven-day trial, the jury returned a verdict for Plaintiffs and awarded over $15 million

in compensatory and punitive damages. [ECF No. 250]. Defendant moved for judgment as a

matter of law, [ECF No. 261], which the Court denied, [ECF No. 273], and Viliena appealed, [ECF No. 274].

On July 21, 2025, the First Circuit affirmed in part and vacated in part the Court's order on defendant's motion for reconsideration, [ECF No. 84]. Boniface, 145 F.4th at 122. The First Circuit instructed the Court to answer two questions on remand:

(1) "[A]s a matter of statutory interpretation, does the TVPA provide a cause of action for the facts here?" Id. at 112.
(2) "[I]f the TVPA does provide such a cause of action, is that constitutional? In other words, did Congress have the power to authorize civil liability in this case, for acts committed by one foreign national upon another foreign national in a foreign country?" Id.

The Court answered both questions in the affirmative, see [ECF No. 298 at 5, 11–14, 18], and denied Defendant's motion for reconsideration, [id. at 19]. Defendant now asks the Court to certify its order for interlocutory appeal, which Plaintiffs do not oppose. [ECF No. 299 at 3].

## II.    LEGAL STANDARD

A district judge may certify an interlocutory appeal of a civil order that would otherwise not be appealable if she is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "[A] question of law is controlling if reversal of the district court's order would terminate the action." Philip Morris Inc. v. Harshbarger, 957 F. Supp. 327, 330 (D. Mass. 1997) (alteration in original) (quoting Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 24 (2d Cir. 1990)). "A controlling question of law usually involves 'a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine' rather than an application of law to the facts." S. Orange Chiropractic Ctr., LLC v. Cayan LLC, No. 15-cv-13069, 2016 WL

3064054, at *2 (D. Mass. May 31, 2016) (quoting Ahrenholz v. Bd. of Tr. of Univ. of Ill., 219 F.3d 674, 676 (7th Cir. 2000)).

The First Circuit has "repeatedly emphasized that 'interlocutory certification under 28 U.S.C. § 1292(b) should be used sparingly and only in exceptional circumstances, and where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority.'" Caraballo-Seda v. Mun. of Hormigueros, 395 F.3d 7, 9 (1st Cir. 2005) (quoting Palandjian v. Pahlavi, 782 F.2d 313, 314 (1st Cir. 1986)). "As a general rule, [the First Circuit does] not grant interlocutory appeals from a denial of a motion to dismiss." Id. (citing McGillicuddy v. Clements, 746 F.2d 76, 76 n.1 (1st Cir. 1984)). "This reflects [the First Circuit's] policy preference against piecemeal litigation as well as prudential concerns about mootness, ripeness, and lengthy appellate proceedings." Id. (citation omitted). In addition, the First Circuit has recognized that "the 'fact that appreciable trial time may be saved is not determinative,' and neither is the fact that the case has 'tremendous implications.'" Id. (citations omitted) (first quoting Palandjian, 782 F.2d at 314; and then quoting Slade v. Shearson, Hammill & Co., 517 F.2d 398, 400 (2d Cir. 1974)).

III.    DISCUSSION

Certification is warranted here. At this stage, the only issue to be decided by the trial court is the amount of damages; other than that, the case presents a pure question of law. If the TVPA does not reach the facts of this case—that is, if the Court's order is reversed—this action will be dismissed. The applicability of the TVPA to actions between foreign parties on foreign soil is thus a controlling question of law the resolution of which will materially advance the litigation. As noted by the First Circuit, this is a novel issue about which substantial disagreement exists. Boniface, 145 F.4th at 112; id. at 122 (Lynch, J., concurring) (noting the

3

"very difficult issues" presented by the remanded questions).  Judicial economy strongly favors resolution of this issue now, as opposed to waiting for the Court to conduct a second trial solely on the issue of damages, see id. at 121–22, because the issue has already been appealed once, suggesting that it is likely to be appealed again, and because Defendant's liability has already been decided, id. at 108, meaning there is no chance that the issue will be mooted by an intervening jury verdict for Defendant.

Accordingly, Defendant's motion for certification of an interlocutory appeal, [ECF No. 299], is **GRANTED**.  The Court hereby **CERTIFIES** its order denying Viliena's motion for reconsideration, [ECF No. 298], for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

**SO ORDERED.**

June 22, 2026

*/s/ Allison D. Burroughs*
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE

4